No. 63,134

In the Matter of THOMAS R. OGLEVIE, *Respondent*.
(771 P.2d 930)

Opinion filed April 14, 1989.

*Bruce E. Miller*, disciplinary administrator, argued the cause for the petitioner.

*Marvin E. Thompson*, of Thompson, Arthur & Davidson, of Russell, argued the cause for the respondent.

*Per Curiam*: This original proceeding in discipline was filed by the Office of the Disciplinary Administrator against Thomas R. Oglevie, of Goodland, an attorney admitted to the practice of law in Kansas. The complaint filed against respondent consisted of three separate counts alleging violations of the Kansas Code of Professional Responsibility, Supreme Court Rule 225 (1988 Kan. Ct. R. Annot. 142). At the hearing before a panel of the Board for Discipline of Attorneys, respondent appeared and presented evidence on his behalf. The disciplinary administrator presented evidence in support of the complaint.

As to Count I, the panel found that respondent misrepresented to Edmund R. Bergin his ability to collect for Bergin from another client an account which the other client owed to Bergin. In regard to Count II, the panel found that the respondent, while representing Bergin in a divorce action, began collecting accounts for Bergin Tire, Inc. Subsequently, Bergin fired respondent as his counsel in the divorce action, and there was a dispute as to the amount of respondent's fee in the divorce action. As the payments came in on the accounts being collected for Bergin Tire, Inc., respondent applied these payments to his divorce fee without authority or agreement from Bergin or Bergin Tire, Inc. During this period of time, respondent returned 14 money orders he received on the Bergin Tire, Inc., account to the payor because the checks were made payable to Bergin Tire instead of respondent. Respondent failed to account for the checks he applied to his divorce fee and to notify Bergin Tire, Inc., of the receipt and return of the money orders.

In regard to Count III, the panel found that, while respondent was collecting the accounts referred to in Count II for Bergin Tire, Inc., he filed a civil action against Bergin Tire, Inc., on

behalf of AMF, Inc. Respondent was informed of the conflict and continued to represent AMF, Inc., after being so informed, until the case was dismissed approximately two weeks later.

The panel found that there was clear and convincing evidence that respondent violated DR 1-102(A)(4) and (6) (1988 Kan. Ct. R. Annot. 143), DR 9-102(A)(2) and (B)(1) (1988 Kan. Ct. R. Annot. 179), DR 5-101(A) (1988 Kan. Ct. R. Annot. 160), and DR 5-105(A) (1988 Kan. Ct. R. Annot. 161). The panel unanimously recommended to this court that respondent be disciplined by public censure in accordance with Supreme Court Rule 203(a)(3) (1988 Kan. Ct. R. Annot. 117). Respondent filed no exceptions to the report of the panel and asked this court to approve the recommendation of the panel.

The court, having considered the record herein, the report of the panel, and the circumstances shown by respondent in mitigation of his conduct, accepts and concurs in the findings, conclusions, and recommendations of the hearing panel.

IT IS THEREFORE ORDERED that Thomas R. Oglevie be and he is hereby disciplined by public censure for his violations of the Code of Professional Responsibility.

IT IS FURTHER ORDERED that this order shall be published in the official Kansas Reports and that the costs herein be assessed to the respondent.